OPINION
Plaintiff-appellant, Charles Cochran, appeals a decision of the Clermont County Court of Common Pleas, Probate Division, dividing a wrongful death settlement between the parties. The decision of the trial court is affirmed.
On October 7, 1994, while traveling on southbound I-75, Joanne Cochran and appellant, her husband, were involved in an automobile accident. The 1986 Ford Bronco which Joanne was driving was struck by another vehicle, causing the Bronco to flip over and land on its roof. Joanne died as a result of injuries sustained in the accident. She was survived by her father, a sister and a brother, appellant, and several half-siblings who are not parties to the present action. Appellant, a passenger in the vehicle, sustained injuries in the accident as well.
Appellant and Joanne met in 1987 when they began working together. They dated, and subsequently moved in together later that same year. They were married on July 27, 1992. No children were born issue of the marriage. Although the marriage was marred by an infidelity by appellant, there is no indication that the marriage failed as a result. Rather, before Joanne's untimely death, the couple had reconciled and had been shopping for a new home.
Joanne enjoyed a particularly close relationship with her sister and her father even though they were geographically separated. She frequently exchanged phone calls, letters, cards, and gifts with her sister. As well, she exchanged cards and frequent phone calls with her father. Joanne provided a minimal amount of financial assistance to both her father and her sister. Although she and her brother at one time had a falling out, they had reconciled a year or two before her death.
A wrongful death claim was brought against the other driver's insurer, and under appellant's underinsured motorist coverage. Appellant received a personal award of $65,000 for his injuries, and the wrongful death claims were settled for $359,670. After deducting funeral expenses, cost advancements, and attorney fees, the trial court distributed one half of the remaining funds to appellant, and one half to appellees collectively.
Appellant also pursued a products liability claim in federal court against Ford for his injuries, and for the wrongful death of his wife. Appellant, acting in his fiduciary capacity as executor of Joanne's estate, settled the wrongful death claim for $250,000. The trial court held a hearing to determine the distribution of these funds. After deducting case expenses of $98,945.66 and legal fees of $50,351.45, none of which were apportioned to appellant's individual claim, the trial court awarded twenty percent of the remaining proceeds to appellant and eighty percent to appellees. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT APPORTIONED ONLY 20% OF THE NET FEDERAL COURT SETTLEMENT PROCEEDS TO THE APPELLANT.
A trial court has broad discretion in apportioning wrongful death proceeds among beneficiaries. In re Estate of Marinelli (1994),99 Ohio App.3d 372, 378, citing In re Estate of Cline (P.C. 1964),1 Ohio Misc. 28, 30. Absent a showing of an abuse of that discretion, a reviewing court will not substitute its judgment for that of the trial court. More than an error of judgment or law, an abuse of discretion connotes that the trial court's decision was "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 2125.03 directs the probate court to distribute wrongful death settlement proceeds "in such manner as is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries." While the surviving spouse and parents are rebuttably presumed to have suffered damages, other next of kin bear the burden of proof in establishing damages. R.C.2125.02; Ramage v. Central Ohio Emergency Services, Inc. (1992),64 Ohio St.3d 97, 106. The trial court is guided by R.C. 2125.02(B) regarding the types of damages to be considered, including loss of support and services, society, prospective inheritance, and the mental anguish suffered.
Appellant first contends that the trial court abused its discretion by deviating from the percentage distributions it made of the prior settlement proceeds. Appellant contends that no further evidence was produced at the second hearing to support a distribution which deviated from the trial court's distribution of the first settlement.
Appellant, indicating that the hearing was not recorded in any manner, has failed to file a transcript. Appellant has further failed to prepare an App.R. 9(C) statement of the evidence, settled and approved by the trial court. As a consequence we are directed, in our review of the judgment of the trial court, to accept the trial court's findings of fact. App.R.9(B); Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.
The trial court found that Joanne had a "good and close" relationship with her father. The trial court found that Joanne had an unusually close relationship with her sister, and that Joanne's death was traumatic for her brother. Based on these findings, the trial court determined that each of these individuals suffered damage by reason of Joanne's death and were entitled to a portion of the wrongful death settlement. The trial court also noted that none of the expenses or attorney fees which were paid out of the settlement proceeds were apportioned to appellant's individual claim.
Accepting these findings of fact as true, we find no abuse of discretion in the trial court's distribution of the wrongful death settlement. Appellees suffered damages as a result of Joanne's untimely death and are therefore entitled to a portion of the wrongful death settlement as compensation.
Appellant further contends that the trial court abused its discretion by considering his refusal to testify regarding the amount that he received for his own injuries under the settlement with Ford. Appellant contends that this settlement is completely unrelated to the portion of the wrongful death settlement that he should receive.
Appellant brought suit against Ford both in his capacity as administrator of Joanne's estate, for her wrongful death, and individually, for the injuries he suffered. Appellant, acting in both capacities, agreed to a settlement of both claims against Ford. The wrongful death claim was settled for $250,000, while appellant refused to reveal the amount of his personal settlement at trial. Appellant, proceeding pro se at trial, refused to tell the court the amount of his personal settlement with Ford. He represented to the court that the amount of his personal settlement was sealed, and further asserted that it was irrelevant to the apportionment of the wrongful death settlement.
The trial court disagreed, stating in its decision that the amount and circumstances of the apportionment of the settlement between the two claims was relevant "in view of the fact that the same person in his individual and fiduciary capacity was in control of the litigation of both claims against Ford Motor Company * * *." In the absence of this disclosure, and based on the findings set forth above, the trial court awarded twenty percent of the settlement to appellant, and the remaining eighty percent to appellees collectively.
We again find no abuse of discretion by the trial court. Appellant was in a position to negotiate a settlement of both claims against Ford for a single sum, and to negotiate the final apportionment of the settlement between the wrongful death claim, subject to division, and his personal claim, not subject to division. As such, the amount of his settlement was relevant to the trial court's division of the wrongful death settlement. If the amount of his personal settlement was indeed sealed, the trial court could have preserved the confidentiality of the amount by sealing its proceedings.
Absent this information, the trial court was left to weigh the evidence before it and apportion the settlement accordingly. As stated above, based on the record before us, the trial court's apportionment does not constitute an abuse of discretion. Appellees, as well as appellant, presented evidence of the damages they suffered as a result of Joanne's death. It was the duty of the trial court to weigh this evidence and render judgment accordingly. We will not substitute our judgment for that of the trial court. The assignment of error is overruled.
Judgment affirmed.
 _______________ WALSH, J.
POWELL, P.J., and VALEN, J., concur.